1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

RAPHAEL O. OBIORA,

       Plaintiff,

       v.

MICHAEL J. ASTRUE,
Commissioner of Social Security
Administration,

       Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. CV 10-8771-SP

**MEMORANDUM OPINION AND ORDER**

## I.

## INTRODUCTION

On December 1, 2010, plaintiff Raphael O. Obiora filed a complaint against defendant Michael J. Astrue, seeking a review of a denial of Disability Insurance Benefits ("DIB").  Both plaintiff and defendant have consented to proceed for all purposes before the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c).  The parties' briefing is now complete, and the court deems the matter suitable for adjudication without oral argument.

The sole issue presented for decision here is whether the Administrative Law Judge ("ALJ") properly evaluated plaintiff's credibility and subjective symptoms.

1  Joint Stipulation ("JS") at 3-10, 10-15, 15.

2      Having carefully studied, inter alia, the parties' written submissions and the

3  Administrative Record ("AR"), the court concludes that, as detailed herein, the ALJ

4  appropriately discounted plaintiff's credibility and his subjective complaints.

5  Specifically, the ALJ properly rejected plaintiff's credibility based upon clear and

6  convincing reasons.  The court therefore affirms the Commissioner's decision

7  denying benefits.

8                               **II.**

9              **FACTUAL AND PROCEDURAL BACKGROUND**

10     Plaintiff, who was fifty-two years old on the date of his October 23, 2009

11 administrative hearing, has a degree in nursing.  *See* AR at 41, 43, 45.  His only past

12 relevant work is as a registered nurse.  *Id.* at 63, 202.

13     On August 11, 2008, plaintiff protectively applied for DIB, alleging that he

14 has been disabled since March 23, 2008 due to depression and stress.  *See* AR at 71,

15 122, 201-02.  Plaintiff's application was denied initially, after which he filed a

16 request for a hearing.  *Id.* at 70, 71-75, 76.

17     On October 23, 2009, plaintiff, proceeding pro se, appeared and testified at a

18 hearing before the ALJ.  AR at 41-54, 61-63, 67-69.  The ALJ also heard testimony

19 from Glenn A. E. Griffin, Ph.D., a medical expert ("ME"), and Elizabeth G. Ramos,

20 a vocational expert ("VE").  *Id.* at 54-62, 63-66, 66-67, 67; *see also id.* at 111-18,

21 119-21.  On November 19, 2009, the ALJ denied plaintiff's request for benefits.  *Id.*

22 at 21-32.

23     Applying the well-known five-step sequential evaluation process, the ALJ

24 found, at step one, that plaintiff has not engaged in substantial gainful activity since

25 his alleged disability onset date.  AR at 23.

26     At step two, the ALJ found that plaintiff suffers from a medically

27 determinable impairment consisting of "a history of opioid dependence (Demerol),

28 in questionable remission."  AR at 24 (emphasis omitted).  But the ALJ found that

                                      2

1    plaintiff does not suffer from a severe impairment or combination of impairments.

2    *Id.* at 26.  The ALJ therefore concluded that plaintiff was not suffering from a

3    disability as defined by the Social Security Act.  *Id.* at 22, 32.

4         Plaintiff filed a timely request for review of the ALJ's decision, which was

5    denied by the Appeals Council.  AR at 1-3, 15.  The ALJ's decision stands as the

6    final decision of the Commissioner.

7                                    **III.**

8                          **STANDARD OF REVIEW**

9         This court is empowered to review decisions by the Commissioner to deny

10   benefits.  42 U.S.C. § 405(g).  The findings and decision of the Social Security

11   Administration must be upheld if they are free of legal error and supported by

12   substantial evidence.  *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).

13   But if the court determines that the ALJ's findings are based on legal error or are

14   not supported by substantial evidence in the record, the court may reject the findings

15   and set aside the decision to deny benefits.  *Aukland v. Massanari*, 257 F.3d 1033,

16   1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

17        "Substantial evidence is more than a mere scintilla, but less than a

18   preponderance."  *Aukland*, 257 F.3d at 1035.  Substantial evidence is such "relevant

19   evidence which a reasonable person might accept as adequate to support a

20   conclusion."  *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276

21   F.3d at 459.  To determine whether substantial evidence supports the ALJ's finding,

22   the reviewing court must review the administrative record as a whole, "weighing

23   both the evidence that supports and the evidence that detracts from the ALJ's

24   conclusion."  *Mayes*, 276 F.3d at 459.  The ALJ's decision "'cannot be affirmed

25   simply by isolating a specific quantum of supporting evidence.'"  *Aukland*, 257 F.3d

26   at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)).  If the

27   evidence can reasonably support either affirming or reversing the ALJ's decision,

28   the reviewing court "'may not substitute its judgment for that of the ALJ.'"  *Id.*

                                      3

1   (quoting *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

2                                          **IV.**

3                                    **DISCUSSION**

4          Plaintiff argues that the ALJ failed to properly assess his credibility.  *See* JS

5   at 4-10.  Specifically, plaintiff maintains that the ALJ failed to articulate clear and

6   convincing reasons for rejecting plaintiff's pain and limitation testimony.  *Id.* at 8.

7   Instead, plaintiff contends that the ALJ improperly discounted his credibility based

8   solely on lack of supporting objective medical evidence.  *Id.* at 6.  Having carefully

9   reviewed the record, the court disagrees with plaintiff.

10         A claimant carries the burden of producing objective medical evidence of his

11  or her impairments and showing that the impairments could reasonably be expected

12  to produce some degree of the alleged symptoms.  *Benton ex rel. Benton v.*

13  *Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003).  But once the claimant meets that

14  burden, medical findings are not required to support the alleged severity of pain.

15  *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc); *see also Light v.*

16  *Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) ("claimant need not present

17  clinical or diagnostic evidence to support the severity of his pain" (citation

18  omitted)).

19         Instead, once a claimant has met the burden of producing objective medical

20  evidence, an ALJ can reject the claimant's subjective complaint "only upon (1)

21  finding evidence of malingering, or (2) expressing clear and convincing reasons for

22  doing so."  *Benton*, 331 F.3d at 1040.  The ALJ may consider the following factors

23  in weighing the claimant's credibility: (1) his or her reputation for truthfulness; (2)

24  inconsistencies either in the claimant's testimony or between the claimant's

25  testimony and his or her conduct; (3) his or her daily activities; (4) his or her work

26  record; and (5) testimony from physicians and third parties concerning the nature,

27  severity, and effect of the symptoms of which she complains.  *Thomas v. Barnhart*,

28  278 F.3d 947, 958-59 (9th Cir. 2002).

                                            4

1    Here, the ALJ found that plaintiff's "medically determinable impairment
2  could reasonably be expected to produce few or none of the alleged symptoms," and
3  that his "statements concerning the intensity, persistence and limiting effects of
4  these symptoms are not credible to the extent they are inconsistent with the finding
5  that [plaintiff] has no severe impairment or combination of impairments." AR at 28.
6  In rejecting plaintiff's credibility, the ALJ provided several valid reasons for
7  discounting plaintiff's credibility. *See generally id.* at 28-29.

8    Foremost, there is evidence of malingering. The ALJ discussed opinions
9  from two doctors who suspected plaintiff of malingering. AR at 24, 26, 29. For
10  instance, the ALJ noted that consultative examining clinical psychologist Rosa
11  Colonna, Ph.D. suggested in the Complete Psychological Evaluation that
12  malingering was a significant possibility. *Id.* at 29; *see id.* at 284. The ALJ further
13  noted that the ME "indicated that the record indicates fairly well that plaintiff
14  malingered during the consultative evaluation with Dr. Colonna." *Id.* at 29; *see id.*
15  at 55 (the ME testified that "the record fairly well indicates that [plaintiff]
16  malingered on the consultative examination by Dr. Colon[n]a").

17    In addition to the evidence of malingering, the ALJ also gave clear and
18  convincing reasons for rejecting plaintiff's subjective complaints. First, although
19  plaintiff alleges that he has difficulties with concentration and personal care, that he
20  avoids people, and that he has difficulties paying attention and following
21  instructions (*see* AR at 194, 197, 198, 201, 281), the ALJ found that the objective
22  medical evidence does not support plaintiff's alleged degree of disability. *Id.* at 28;
23  *see also Batson v. Comm'r*, 359 F.3d 1190, 1197 (9th Cir. 2004) ("the lack of
24  objective medical evidence supporting [the claimant's] claims . . . constitute[s]
25  substantial evidence in support of the ALJ's negative credibility determination");
26  *Thomas*, 278 F.3d at 959 (lack of objective medical evidence supporting
27  descriptions of pain and limitations negatively affected claimant's credibility
28  regarding her inability to work). Certainly, a lack of objective evidence supporting

1  plaintiff's symptoms cannot be the sole reason for rejecting plaintiff's testimony.

2  *Rollins v. Massanari*, 261 F.3d 853, 856-57 (9th Cir. 2001).  But it can be one of

3  several factors used in evaluating the credibility of plaintiff's subjective complaints.

4  *Id.*

5       Second, the ALJ properly rejected plaintiff's credibility based upon ordinary

6  techniques of trustworthiness determination, such as contradictions between

7  plaintiff's testimony and his conduct.  *See* AR at 28 (the ALJ found that plaintiff's

8  "reported activities and demonstrated abilities contradict his allegations"); *see also*

9  *Thomas*, 278 F.3d at 958-59.  Despite alleging that he avoids people and has

10 difficulties with concentration and following instructions, the ALJ noted that: (1)

11 plaintiff reported that he lives alone in an apartment; (2) plaintiff reported being

12 able to use public transportation, drive, and travel alone; and (3) when plaintiff was

13 late for an appointment, he was able to call to reschedule his consultative

14 examination appointment.  AR at 28 (citing AR at 193, 196, 280-81, 290).  This is a

15 clear and convincing reason.

16      Third, the ALJ found that plaintiff's credibility is undermined by evidence in

17 the record of symptom exaggeration.  AR at 29; *see Tonapetyan*, 242 F.3d at 1148

18 (ALJ properly discredited claimant's subjective complaints based upon her tendency

19 to exaggerate her symptoms).  For example, as noted by the ALJ, plaintiff

20 exaggerated his symptoms to Dr. Colonna by reporting that he had been

21 experiencing auditory and visual hallucinations since 2007, whereas progress notes

22 from plaintiff's treating physician Mohamed El-Gabalawy, M.D. indicate that

23 plaintiff's alleged symptoms began in March 2008.  *See* AR at 29 (citing AR at

24 281).  And, as noted by the ALJ, Dr. Colonna observed that despite alleging

25 symptoms of memory loss and difficulty following directions, plaintiff was able to

26 independently take a bus to the consultative examination.  *Id.* at 29 (citing *id.* at

27 281).  The ALJ also found that although during the interview with Dr. Colonna

28 plaintiff was unable to tell the doctor where he was born, where he lived, or his

6

1  activities of daily living, plaintiff had no difficulty reporting such information both

2  before and after his evaluation. *Id.* at 29 (citing *id.* at 281, 282).

3        Moreover, inconsistent with plaintiff's allegations of memory loss and

4  difficulties with concentration and following instructions, the ALJ found that

5  plaintiff "behaved appropriately at the hearing and was able to make arguments on

6  his behalf as to why he considers himself to be disabled and why the opinion of his

7  treating psychiatrist should be given more weight than the testimony of [the ME]."

8  AR at 28-29; *see Orn v. Astrue*, 495 F.3d 625, 639-40 (9th Cir. 2007) (while an ALJ

9  may not rely solely on personal observations to discount a claimant's testimony, the

10  ALJ may use those observations in context with other indicators of the claimant's

11  credibility in evaluating testimony).

12        Notwithstanding the aforementioned legitimate credibility findings, the ALJ's

13  other purported reason for his adverse credibility finding – that plaintiff's treatment

14  history is not commensurate with his allegations – is not a valid reason for

15  discounting plaintiff's credibility. *See* AR at 28.  Although an ALJ may normally

16  rely upon a claimant's failure to seek treatment to provide clear and convincing

17  evidence for an adverse credibility finding,[1] "it is a questionable practice to chastise

18  one with a mental impairment for the exercise of poor judgment in seeking

19  rehabilitation." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996) ("it is

20  common knowledge that depression is one of the most underreported illnesses in the

21  country because those afflicted often do not recognize that their condition reflects a

22  potentially serious mental illness").

23

24     [1]  *See Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999) (ALJ properly

25  considered, as part of credibility evaluation, the claimant's failure to request
medical treatment commensurate with the "supposedly excruciating" pain alleged,

26  and the "minimal, conservative treatment" (citation omitted)); *Fair v. Bowen*, 885

27  F.2d 597, 603 (9th Cir. 1989) (one type of evidence that can serve to discredit a
claimant's pain testimony is "an unexplained, or inadequately explained, failure to

28  seek treatment").

1        Nevertheless, the ALJ's misplaced reliance on plaintiff's failure to seek

2   treatment to discount his credibility was harmless.  *See Batson*, 359 F.3d at 1195-97

3   (ALJ erred in relying on one of several reasons in support of an adverse credibility

4   determination, but such error was harmless because the ALJ's remaining reasons

5   and ultimate credibility determination were adequately supported by substantial

6   evidence in the record).  The ALJ's error does not "negate the validity" of his

7   ultimate credibility finding, and the ALJ's decision remains "legally valid, despite

8   such error."  *See Carmickle v. Comm'r*, 533 F.3d 1155, 1162 (9th Cir. 2008)

9   (internal quotation marks and citation omitted).

10                             **V.**

11                  **CONCLUSION**

12        IT IS THEREFORE ORDERED that Judgment shall be entered AFFIRMING

13   the decision of the Commissioner denying benefits, and dismissing this action with

14   prejudice.

15

16   Dated: February 27, 2012

17                                     _____

18                                    SHERI PYM

19                       UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28

8